UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY DEVERE HARDISON,

    Petitioner,

v.                                                    Case No. 2:05-cv-170
                                                    HON. ROBERT HOLMES BELL

BARRY DAVIS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Anthony Devere Hardison filed this petition for writ of habeas corpus challenging the validity of his conviction. Petitioner was convicted by a jury of premeditated first-degree murder and possession of a firearm during the commission of a felony. On March 19, 1999, Petitioner was sentenced to two years imprisonment for possession of a firearm and to life imprisonment without the possibility of parole for the first-degree murder conviction. The facts were summarized by the circuit court:

> On September 16, 1998, the victim, Terrence Brown, was driving slowly down Gunston Street in Detroit. A red Mustang sped past the victim, lost control, and spun into a telephone pole. The victim kept driving. The driver of the Mustang, Defendant Anthony Hardison, got out to check the damage. After a few minutes he told his passenger to call a tow truck. Defendant then said he was "going to get 'T' for what he had did to the car and he was going to kill 'T'..." Defendant walked downed [sic] Gunston Street to Wade Street, where the victim had stopped to visit friends. Defendant walked up to the victim and said, "this is for us." Defendant lifted his shirt and took out a handgun. Defendant cocked the gun and pointed it at the victim's head. After accidentally shooting himself in the midst of the ensuing struggle for control of the gun and firing twice into the hood of a car where he had pinned the victim, Defendant overpowered the

victim and shot him in the head at close range with his handgun. Defendant then said, "fuck that bitch, fuck that bitch ass nigger, I'll do twenty for his ass," and then walked away. The victim died from his wound.

Hours later Defendant turned himself in to the Detroit Police, and was taken to the hospital for treatment of his self-inflicted gunshot wound. The next day, Investigator Barbara Simon met with Defendant at the hospital, where she advised Defendant of his rights and proceeded to take a statement from Defendant. Defendant said his intent in pulling out the gun was to scare the victim.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following issues in his petition for writ of habeas corpus:

I. Petitioner was denied the effective assistance of appellate counsel, as a result of appellate counsel's failure to raise an ineffective assistance of counsel claim against trial counsel, based on trial counsel's failure to object and move to suppress Petitioner's involuntary confession.

II. Petitioner was denied the effective assistance of appellate counsel, as a result of appellate counsel's failure to raise the issue that the trial court erred reversibly by allowing, over objection, hearsay testimony to be entered into evidence.

III. Petitioner was denied the effective assistance of appellate counsel, as a result of appellate counsel's failure to raise the issue that the trial court erred reversibly by refusing to instruct the jury on criminal jury instruction second 16.9- voluntary manslaughter.

IV. Petitioner was denied the effective assistance of appellate counsel, as a result of appellate counsel's failure to raise the issue that the trial court erred reversibly by refusing to instruct the

>jury on criminal jury instruction second 16.10- involuntary manslaughter.
>
>V. Petitioner was denied the effective assistance of appellate counsel, as a result of appellate counsel's failure to raise an ineffective assistance of counsel claim against trial counsel, based on trial counsel's failure to request criminal jury instruction second 7.23, "past violence by complainant or decedent."
>
>VI. Petitioner was denied the effective assistance of appellate counsel, as a result of appellate counsel's failure to raise the issue that the cumulative effects of the trial counsel's error, and the trial court's error, effectively denied Petitioner a fair trial.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion

opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner alleges that he was denied the effective assistance of appellate counsel because his appellate counsel failed to raise ineffective assistance of trial counsel claims based upon: trial counsel's failure to object and move to suppress Petitioner's confession and failure to request certain jury instructions. Petitioner claims that his appellate counsel was also ineffective for failing to raise the issue that the trial court abused its discretion by allowing hearsay testimony to be entered into evidence and by refusing to properly instruct the jury. Additionally, Petitioner contends that the cumulative effects of lack of effective counsel denied him a fair trial. Because Petitioner failed to raise his six claims in his appeal of right, Respondent maintains that Petitioner's claims are barred by procedural default. Respondent contends that review of Petitioner's claims is barred because the state court's reliance on a state procedural rule to avoid reaching the merits of those claims effectively prevents this Court from addressing them.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant

application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Here, both the Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's application for leave to appeal the circuit court's denial of these claims on the basis that Petitioner failed to "meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." Under M.C.R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." M.C.R. 6.508(D)(3)(a)-(b).

In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1104, 1006-1007 (6th Cir. 2000). M.C.R. 6.508(D) was enacted in 1989 and petitioner's conviction and appeals took place some time thereafter. Therefore, M.C.R. 6.508(D) was a "firmly established" procedural rule for purposes of the petitioner's action. *See Luberda*, 211

F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998). Because the state courts denied Petitioner relief for procedurally defaulting, Petitioner must demonstrate good cause for his failure to raise such grounds previously in order to obtain habeas review of his claims. Petitioner must also show actual prejudice from the alleged irregularities that support the claims. Petitioner claims that the ineffective assistance of his appellate counsel constitutes cause to excuse his failure to raise his claims during his appeal of right. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

In addressing the issue of the ineffective assistance of appellate counsel, the state circuit court judge found that Petitioner's allegations concerned matters of trial strategy that the court would not second-guess. The Court accords deference to this finding. Furthermore, Petitioner has not demonstrated that the alleged ineffectiveness of his trial counsel or the alleged reversible error of the trial court affected the outcome of his trial such that it impeded the reasonably likely chance of acquittal. Petitioner has failed to offer adequate evidence of ineffective assistance of appellate counsel. Moreover, Petitioner has failed to show that he was prejudiced by the alleged ineffectiveness of his appellate counsel. Accordingly, in the opinion of the undersigned, Petitioner has failed to meet the requirements of good cause and prejudice necessary to overcome his procedural default in the state courts. Accordingly, review of Petitioner's claims is barred and the petition for habeas corpus must be denied.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds of failing to present the claims in his writ of habeas corpus to the state courts in a timely filed appeal of right. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds of failing to present his claims in a timely filed appeal of right. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 7, 2008